UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RIDEMIND, LLC,

        Plaintiff,

    v.

SOUTH CHINA INSURANCE CO., LTD.,

        Defendant.

Case No. C14-489RSL

ORDER DENYING MOTION TO DISMISS

    This matter comes before the Court on defendant's "Motion to Dismiss for Lack of Personal Jurisdiction," dkt. # 7.  Defendant South China Insurance Co., Ltd. ("South China") alleges that the Court should dismiss the complaint because this Court lacks personal jurisdiction over the claims in the complaint.  For the reasons set forth below, the Court DENIES South China's motion.[1]

## I.  BACKGROUND

    Plaintiff Ridemind, LLC, doing business as "Transition Bikes" ("Transition"), is a Washington corporation that sells bicycles.  See Decl. of Charles C. Huber ("Huber Decl.") (Dkt. # 8), Ex. A; Compl. (Dkt. # 5) ¶¶ 1.1, 3.2.  In August 2012, Bennett Winslow Mauzé filed a complaint against Transition in Whatcom County Superior Court, alleging products liability claims relating to the injuries he suffered while riding a bike he purchased from Transition.

---

[1] This matter can be decided on the papers submitted.  The parties' requests for oral argument are, therefore, DENIED.

Huber Decl. (Dkt. # 8), Ex. A ¶¶ 3.1-3.31.  Transition denies liability, but contends that the frame of the bicycle was manufactured and sold by Astro Engineering Co., Ltd. ("Astro"), a Taiwanese company that has factories in Taiwan and Vietnam.  Id., Ex. B at 2-3, Ex. C.  To the extent there is any liability, Transition claims the cause of the injuries was Astro's negligent manufacture and design of the frame.  Compl. (Dkt. # 5) ¶ 3.10.

In May 2013, Transition filed a complaint against South China Insurance, Co., Ltd. ("South China").  Compl. (Dkt. # 5).  South China is a Taiwanese insurance company located in Taiwan, that issued a products liability insurance policy to Astro for the period of May 1, 2011- May 1, 2012.  Huber Decl. (Dkt. # 8), Ex. B at 2, 3; Decl. of Scott Haworth ("Haworth Decl.") (Dkt. # 22), Ex. H.  The policy included a vendor's endorsement, dated May 12, 2011, that identifies Transition as an additional insured vendor under the policy.  Haworth Decl. (Dkt. # 8), Ex. H.  In its complaint against South China, Transition asserts a breach of contract claim and alleges violations of Washington's Insurance Fair Conduct Act ("IFCA") and Washington's Consumer Protection Act ("CPA") arising out of South China's alleged refusal to defend and/or indemnify Transition in the lawsuit filed by Mr. Mauzé .  Compl. (Dkt. # 5) ¶¶ 5.1-7.4.  In addition to seeking monetary relief, Transition seeks a declaration that South China is obligated to defend and indemnify Transition for costs incurred in defending against Mr. Mauzé's claims.  Id. ¶¶ 4.1-4.3.  South China timely removed the case to this Court on April 3, 2014,[2] notice of removal (Dkt. # 1), and now seeks dismissal for lack of personal jurisdiction.

## II.  DISCUSSION

Plaintiff has the burden of making a prima facie showing of personal jurisdiction.  See, e.g., Bourassa v. Desrochers, 938 F.2d 1056, 1057 (9th Cir. 1991) (internal citation omitted).  On

---

[2] Although Transition filed the complaint in state court in May 2013, South China was not served with a copy of the summons and complaint in this matter until March 4, 2014.  See Notice of Removal (Dkt. # 1) at 1.

a motion to dismiss for lack of personal jurisdiction, the Court must assume that the allegations in the complaint are true unless contravened.  See, e.g., Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002).  The Court resolves all disputed facts in Transition's favor.  Wash. Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 672 (9th Cir. 2012).

The exercise of jurisdiction must comport with the state's long arm statute, and with the constitutional requirement of due process.  See Omeluk v. Langsten Slip & Batbyggeri, 52 F.3d 267, 269 (9th Cir. 1995) (internal citation omitted).  "Because the Washington long arm statute reaches as far as the Due Process Clause, all we need to analyze is whether the exercise of jurisdiction would comply with due process."  Id. (internal citations omitted).  For a forum state to have personal jurisdiction over an out-of-state defendant, that defendant must "have certain minimum contacts with the forum state, such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  The due process requirements ensure that individuals have "fair warning that a particular activity may subject [them] to jurisdiction of a foreign sovereign."  Shaffer v. Heitner, 433 U.S. 186, 218 (1977).

Where, as in this case, general jurisdiction is undisputedly lacking, a court may nevertheless exercise "limited" or "specific" personal jurisdiction depending upon "the nature and quality of the defendant's contacts in relation to the cause of action."  Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).  The Ninth Circuit utilizes a three-part test to analyze specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

ORDER DENYING MOTION
TO DISMISS                                           -3-

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)).  Transition bears the burden of establishing the first two prongs.  CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011).  In considering the first two prongs, "[a] strong showing on one axis will permit a lesser showing on the other."  Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1210 (9th Cir. 2006).  In other words, a single contact with a forum state may support jurisdiction if the cause of action arises out of that particular intentional contact.  Id.  If Transition meets this burden, the burden shifts to South China "to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable."  CollegeSource, Inc., 653 F.3d at 1076 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-78 (1985)).

The first prong of the specific jurisdiction test refers to both purposeful direction and purposeful availment.  Schwarzenegger, 374 F.3d at 802.  Although these two ideas are "often clustered together under a shared umbrella, [they] 'are, in fact, two distinct concepts.'" Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006)).  "A purposeful availment analysis is most often used in suits sounding in contract.  A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort."  Id. (internal quotation marks omitted).  Here, Transition has asserted claims sounding in contract and tort.  The Court, therefore, first considers whether it has personal jurisdiction over Transition's breach of contract claim.

A.   **Contract Claim**

Purposeful availment "requires that the defendant has performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state."  Doe v. Unocal Corp., 248 F.3d 915, 924 (9th Cir 2001).  By taking action, such as executing or performing a contract in a forum state, a defendant invokes the benefits and protections of that

ORDER DENYING MOTION
TO DISMISS                        -4-

state's laws.  <u>Schwarzenegger</u>, 374 F.3d at 802.  In exchange, "a defendant must – as a quid pro quo – submit to the burdens of litigation in that forum."  <u>Id.</u> (internal quotation marks and citation omitted).  However, contracting with an out-of-state defendant does not automatically establish sufficient contacts to support personal jurisdiction.  <u>Unocal</u>, 248 F.3d at 924.  The relationship between the forum and the course of negotiations, the terms of the contract, and its anticipated future consequences must be considered.  <u>Burger King Corp.</u>, 471 U.S. at 479.

Transition argues that South China purposefully availed itself of the benefits of this state by issuing a Certificate of Liability Insurance to Transition, a Washington resident.  Response (Dkt. # 21) at 8-9.  South China disputes Transition's claim that the certificate constitutes a contract between the parties.  Reply (Dkt. # 23) at 3-4.  As noted above, however, the existence of a contract between the parties is not dispositive of the minimum contacts inquiry.  <u>Unocal</u>, 248 F.3d at 924.  Regardless of whether the certificate is an enforceable contract, it clearly identifies Transition as an additional insured and provides that Transition's principal place of business is in Washington.  Haworth Decl. (Dkt. # 8), Ex. H.  Based on this representation, South China was created a continuing obligation to a forum resident.  <u>See</u> <u>Burger King</u>, 471 U.S. at 475 ("[W]here the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.") (internal quotation marks and citations omitted).

The facts of this case are similar to those in <u>Hirsch v. Blue Cross, Blue Shield</u>, 800 F.2d 1474 (9th Cir. 1986).  In <u>Hirsch</u>, Blue Cross, a Missouri corporation authorized to conduct business in Kansas, contracted with Southwest Freight Lines, Hirsch's former employer, to provide group health insurance for Southwest's employees.  800 F.2d at 1476.  At the time Blue

ORDER DENYING MOTION
TO DISMISS                                              -5-

Cross entered the contract, Southwest had employees who lived outside of Kansas and Missouri, but none of the employees lived in California.  Id.  After the contract was signed, Southwest added Hirsch, a California resident, to the group policy.  Id. at 1476-77.  Hirsch received a Blue Cross membership card that listed his California address on its face.  After Blue Cross refused to pay certain medical expenses, Hirsch filed a complaint against Blue Cross alleging breach of contract and bad faith.  Id. at 1477.  The Ninth Circuit found that Blue Cross, "by voluntarily and knowingly obligating itself to provide health care coverage to Southwest's California employees, . . . purposefully availed itself of the benefits and protections of that forum."  Id. at 1480.

The same is true here.  Even though South China is not physically located in Washington and does not have any physical contacts with the state, South China willingly included a vendor's endorsement in its policy with Astro and the vendor's endorsement specifically identified Transition and Transition's location in Washington.  As was the case in Hirsch, it may be true that at the time South China issued the policy to Astro it may not have foreseen that the vendor's endorsement would have effects in Washington.  However, once South China, through its agent V&C Risk Services Taiwan Ltd.,[3] issued the Certificate of Liability Insurance to a Washington corporation, South China could foresee that its actions would have an effect in Washington.  See id. at 1479.  Furthermore, because the cause of action arises out of that single intentional act, the Court finds that Transition has established a prima facie case of personal jurisdiction.  See Yahoo! Inc., 433 F.3d at 1210.

Because Transition has made a prima facie showing that the exercise of personal jurisdiction is constitutional, the burden shifts to South China to present a "compelling case" that

---

[3]  The fact that the certificate was produced by South China's agent rather than South China does not alter the Court's finding that South China purposefully created an ongoing obligation to a Washington resident.  See e.g., Daimler AG v. Bauman, ___ U.S. ____, 134 S.Ct. 746, 759 n.13 (Jan. 14, 2014) ("[A] corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there.").

ORDER DENYING MOTION
TO DISMISS                                    -6-

it would be unreasonable.  In determining whether the exercise of jurisdiction comports with

"fair play and substantial justice," the Court considers the following seven factors:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

CollegeSource, Inc., 653 F.3d at 1079.  No one factor is dispositive; the Court must balance all

of them.  Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1132

(9th Cir. 2003).  South China addresses only the second and fourth factors.  With respect to the

second factor, South China states generally that it does not maintain an office in Washington,

does not have any reason to travel to Washington, and that it would be required to spend

significant financial resources for travel purposes if forced to defend itself here.  First, South

China provides no evidence to support this argument even though it bears the burden on this

issue.  Nothing in the record shows that South China will face a significant burden if required to

litigate in Washington.  Second, the Ninth Circuit has noted that "modern advances in

communications and transportation have significantly reduced the burden of litigating in another

country."  Id. at 1132-33.  Thus, to the extent that this factor weighs in favor of South China, it

does so only slightly.

    As for the forum state's interest in adjudicating the dispute, Washington has a strong

interest in protecting its citizens from injuries inflicted by out-of-state actors who provide

insurance coverage to Washington residents.  See RCW 4.28.185(1)(d).  Although South China

contends that it did not contract with Transition, the certificate identifying Transition as an

additional insured vendor appears to provide certain insurance coverage to Transition.  Haworth

Decl. (Dkt. # 8), Ex. H.  Thus, this factor weighs in favor of exercising personal jurisdiction.

    With respect to the other factors not addressed by the parties, the first factor weighs in

favor of Transition.  As outlined above, South China knowingly created a continuing obligation

ORDER DENYING MOTION
TO DISMISS                                    -7-

1    to a Washington resident.  The certificate expressly identified Transition as an additional insured

2    and it was clear that Transition was located in Washington.  This constitutes purposeful

3    injection.  As for the third factor, the Court is not aware of any conflict with a foreign state's

4    interest in adjudicating the matter.  This factor, therefore, weighs in favor of Transition.  See

5    Menken v. Emm, 503 F.3d 1050, 1060 (9th Cir. 2007) (finding that where there is no conflict

6    between two states regarding sovereignty this factor favors the plaintiff).  The fifth factor is

7    primarily concerned with the location of witnesses and evidence.  Id.  Because witnesses are

8    located in Washington and Taiwan, neither location seems to have a clear efficiency advantage.

9    The convenience and effectiveness of relief for plaintiff comprise the sixth factor.  Transition is

10   a Washington resident that seeks relief for injuries allegedly arising out of litigation in a

11   Washington state court.  This factor, therefore, favors Transition.  Finally, the seventh factor,

12   whether another reasonable forum exists, is only considered if the forum state is shown to be

13   unreasonable.  CollegeSource, Inc., 653 F.3d at 1080.

14        Balancing the relevant factors, the Court concludes that South China has failed to

15   establish a "compelling case" that the exercise of jurisdiction would be unreasonable.  Because

16   Transition has satisfied the first two prongs of the specific jurisdiction test and the balance of

17   factors weighs in favor of personal jurisdiction, the exercise of specific personal jurisdiction over

18   South China is appropriate.

19   **B.   Pendent Personal Jurisdiction**

20        Having established personal jurisdiction over South China with respect to Transition's

21   contract claim, the Court must also determine whether it has jurisdiction with respect to

22   Transition's IFCA and CPA claims.  In the Ninth Circuit, "a court may assert pendent personal

23   jurisdiction over a defendant with respect to a claim for which there is no independent basis of

24   personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim

25   in the same suit over which the court does have personal jurisdiction."  Action Embroidery Corp.

26

ORDER DENYING MOTION
TO DISMISS            -8-

1    v. Atl. Embroidery, Inc., 368 F.3d 1174, 1181 (9th Cir. 2004).  Whether to exercise jurisdiction

2  is within the discretion of the district court.  Id.  Transition's IFCA and CPA claims arise from

3  the same nucleus of operative facts:  South China's alleged refusal to defend and/or indemnify

4  Transition against Mr. Mauzé's products liability claims.  Compl. (Dkt. # 5) ¶¶ 5.1-7.4.

5  Accordingly, the Court finds that the exercise of pendent personal jurisdiction over Transition's

6  IFCA and CPA claims is appropriate here.

7  **III.  CONCLUSION**

8    For all of the foregoing reasons, South China's motion to dismiss (Dkt. # 7) is DENIED.

9
10    DATED this 9th day of June, 2014.

11
12
13                                Robert S. Lasnik
                              United States District Judge

14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER DENYING MOTION
TO DISMISS                         -9-